UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                        Case No. 16-20077
                                      Honorable Victoria A. Roberts

v.

RAYQWAN LAMB,

      Defendant.

_____/

**OPINION AND ORDER: (1) SUSTAINING DEFENDANT'S OBJECTION TO THE PSIR; and (2) HOLDING THAT DEFENDANT'S PRIOR CONVICTION OF UNARMED ROBBERY UNDER MICHIGAN LAW (M.C.L. § 750.530) IS NOT A "CRIME OF VIOLENCE" FOR PURPOSES OF U.S.S.G. §§ 2K2.1(a)(4)(A) AND 4B1.2(a)(1)**

## I.    INTRODUCTION AND BACKGROUND

The Objection filed by Defendant Rayqwan Lamb ("Lamb") to his Pre-Sentence Investigation Report ("PSIR") challenges the base offense level computation. The United States Probation Department concluded that Lamb had a prior conviction for a crime of violence. Because the Court finds that Lamb's earlier conviction for unarmed robbery under Michigan state law does not qualify as a "crime of violence" within the meaning of U.S.S.G. §§ 2K2.1(a)(4)(A) and 4B1.2(a), the Court **SUSTAINS** Lamb's objection. This results in a recalculation of his guideline range at 15-21 months, rather than 30-37 months.

A federal grand jury indicted Lamb as a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). On August 30, 2016, Lamb pled guilty to the offense, without benefit of a Rule 11 Agreement. The Probation Department issued a PSIR which calculated a base offense level of 20 after concluding Lamb had an earlier

conviction under Michigan law for unarmed robbery that qualified as a "crime of violence." *See* U.S.S.G. § 2K2.1(a)(4)(A) (providing for a base offense level of 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of ... a crime of violence"). Lamb objected.

Lamb and the Government filed sentencing memoranda addressing the "crime of violence" issue. On February 23, 2017, the Court held a sentencing hearing.

## II.   ANALYSIS

As a preliminary matter, the applicable version of the Guidelines is the November 2015 version. *See Huff v. United States*, 734 F.3d 600, 608 (6th Cir. 2013) (although the Court generally applies the version of the Guidelines in effect at the time of sentencing, "[i]f the defendant's sentencing range is greater under the Guidelines in effect on the date of sentencing, the district court must apply the Guidelines in effect at the time of the offense to avoid an *ex post facto* violation"). Lamb committed this offense on January 31, 2016.

Under this earlier version of the Guidelines, § 2K2.1 incorporates the definition of "crime of violence" used in § 4B1.2(a). *See* U.S.S.G. § 2K2.1 cmt. n.1. Section 4B1.2(a) defines "crime of violence" as any felony that:

(1)   has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2)   is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). This definition can be separated into three distinct clauses: (1) § 4B1.2(a)(1) is the "elements clause"; (2) the first half of § 4B1.2(a)(2) is the

2

"enumerated offense clause"; and (3) the language "or otherwise involves conduct that presents a serious potential risk of physical injury to another" is the "residual clause."[1]

The Government only argues that Lamb's unarmed robbery conviction qualifies as a crime of violence under the elements clause.  To meet this qualification, Lamb's prior unarmed robbery conviction must have as one element, "the use, attempted use, or threatened use of physical force against the person of another."  U.S.S.G. § 4B1.2(a)(1).

A "crime of violence" under the Guidelines must involve the use of physical force – "*violent* force – that is, force capable of causing physical pain or injury to another person."  *See Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original) ("*Johnson 2010*") (describing the meaning of "physical force" for the purpose of determining a "violent felony" under the ACCA); *see also United States v. Bell*, 840 F.3d 963, 966 n.3 (8th Cir. 2016) ("Although Johnson described the meaning of 'physical force' for purposes of determining a 'violent felony' under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(i), the phrase has the identical meaning for purposes of determining a 'crime of violence' under the Guidelines.").  *Johnson 2010* made clear that the "merest touch" does not amount to "physical force" under the Guidelines' definition of a "crime of violence," and the amount of force exerted must be to a degree necessary to inflict pain.  559 U.S. at 143.  Neither Michigan's unarmed

---

[1] As a result of *Johnson v. United States*, ---- U.S. ----, 135 S. Ct. 2551 (2015) ("*Johnson 2015*"), the November 2016 Guidelines eliminated the residual clause in § 4B1.2(a)(2), and instead listed more enumerated offenses, including robbery.  The elements clause was not changed.

robbery statute nor case law interpreting it requires that level of force to sustain a

conviction for unarmed robbery.

Michigan's unarmed robbery statute says:

A person who, in the course of committing a larceny of any money or other
property that may be the subject of larceny, uses force or violence against
any person who is present, or who assaults or puts the person in fear, is
guilty of a felony. . . .

Mich. Comp. Laws § 750.530.  "The elements of unarmed robbery are: (1) a felonious

taking of property from another, (2) by force or violence or assault or putting in fear, and

(3) being unarmed."  *People v. Johnson*, 206 Mich. App. 122, 125-26 (1994).

To determine whether Michigan's unarmed robbery is a crime of violence under

§ 4B1.2(a)(1), the elements clause, the Court uses the categorical approach.  *See

Johnson v. United States*, ---- U.S. ----, 135 S. Ct. 2551, 2557 (2015) ("*Johnson 2015*").

Under this approach, the Court "look[s] not to the facts of the particular prior case, but

instead to whether the state statute defining the crime of conviction categorically fits

within the . . . federal definition" at issue.  *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684

(2013) (citations and internal quotation marks omitted); *Johnson 2015*, 135 S. Ct. at

2557 ("Under the categorical approach, a court assesses whether a crime qualifies as a

violent felony 'in terms of how the law defines the offense and not in terms of how an

individual offender might have committed it on a particular occasion.'") (citation omitted).

This requires comparing Michigan's unarmed robbery offense with the elements clause

of the "crime of violence" definition, as refined by the Supreme Court in *Johnson 2015*.

In engaging in this comparison, the Court "must consider the least objectionable

conduct that would violate this statute."  *United States v. Maness*, 23 F.3d 1006, 1008

(6th Cir.1994); *Moncrieffe*, 133 S. Ct. at 1684 ("Because we examine what the state

4

conviction necessarily involved, not the facts underlying the case, we must presume that the conviction 'rested upon [nothing] more than the least of th[e] acts' criminalized, and then determine whether even those acts [would qualify as a crime of violence].") (quoting *Johnson 2010*, 559 U.S. at 137).

The second element of Michigan's unarmed robbery statute can be met by four alternative means: (1) by using force against a person; (2) by using violence against a person; (3) by assaulting a person; and (4) by putting a person in fear.  Lamb's unarmed robbery conviction "meets the elements clause only if *all* means of meeting the element require a use, attempt, or threat to use [physical] force of a level sufficient to meet the threshold of *Johnson* [*2010*]."  *United States v. Ervin*, ---- F.3d ----, 2016 WL 4073052, at *8 (D. Mont. July 28, 2016).

The Government says Michigan's unarmed robbery statute is a "crime of violence" because "there [is] no way to violate [the] statute without using, attempting to use, or threatening to use force capable of causing physical pain or injury."  [Doc. 30, PgID 198].  The Government relies on *People v. Randolph*, 466 Mich. 532 (2002), for the proposition that the unarmed robbery statute is clear that a forceful act must be used to accomplish the taking.  While *Randolph* does say that, it does not define "force." Nor is there any statutory definition of force in Michigan.  Notably, in trials involving assault in Michigan, jurors are instructed that "the words 'force and violence' mean *any* use of physical force against another person so as to harm *or embarrass* [him/her]." Mich. M. Crim. JI 17.14, *Definition of Force and Violence* (emphasis added).  The Government's arguments are unavailing.

There are numerous ways to violate M.C.L. § 750.530 without using, attempting to use, or threatening to use "force capable of causing physical pain or injury to another person." While there is no controlling Michigan case law mandating that the force must be capable of causing physical pain or injury, there are several Michigan cases which support a finding that Michigan's unarmed robbery statute supports convictions that barely, if at all, involve the level of violent force capable of causing physical pain or injury to another, as required by *Johnson 2010*.

In *People v. Hicks*, 259 Mich. App. 518, 531 (2003), the Michigan Court of Appeals found a defendant took a purse by "force and violence" where "the victim felt a tug on her purse strap, was pulled backward, reflexively lurched forward, and tried to turn her body to maintain possession of her purse." In a later case, the court held that the defendant used "force and violence" sufficient to support his conviction for unarmed robbery "by physically struggling with [store security] personnel and attempting to kick them," because "*any* force against a person . . . is sufficient under the statute." *People v. Passage*, 277 Mich. App. 175, 178 (2007) (emphasis added).

In *People v. Terry*, 217 Mich. App. 660, 662 (1996), the court concluded that because the defendant spit on another person to "harm or embarrass him," his action constituted violence under the unarmed robbery statute. *See also People v. Chandler*, 201 Mich. App. 611, 614 (1993) (finding that (1) the "force and violence" element of unarmed robbery could "mean any use of physical force against another person so as to harm *or embarrass* him"; and (2) unlike "assault with intent to rob unarmed [which] requires an assault with force and violence" unarmed robbery could be committed "simply by putting someone in fear") (emphasis added and citation omitted).

6

2:16-cr-20077-VAR-EAS   Doc # 31   Filed 02/24/17   Pg 7 of 8   Pg ID 209

Moreover, the Michigan Court of Appeals in *People v. Johnson* found that "because the victim testified that defendant's actions put him in fear, we find that sufficient evidence was presented to sustain a conviction of unarmed robbery." 206 Mich. App. at 126.

Based on statutory interpretation of M.C.L. § 750.530 by Michigan courts, a defendant could be convicted of unarmed robbery without using any force. For example, a defendant could put a person in fear merely by approaching that person and calmly telling him to hand over his wallet; this would especially be true in certain circumstances – e.g., the defendant, wearing a ski mask, approached the victim in a dark parking lot at a late hour, when no other people or cars were around. In these examples, the defendant did not use any force, let alone "force capable of causing physical pain or injury to another person." *Johnson 2010*, 559 U.S. at 140.

In addition, Michigan's unarmed robbery statute can be violated by commission of an assault. Under Michigan law, felonious assault requires no more force than that of common law simple assault. *See People v. Jones*, 443 Mich. 88, 100 (1993). "[A] simple criminal assault 'is made out from either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery.'" *People v. Gardner*, 402 Mich. 460, 479 (1978) (citation omitted). Battery is defined as "an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person." *People v. Starks*, 473 Mich. 227, 234 (2005) (citation and internal quotation marks omitted). Based on this, a person could be convicted of unarmed robbery in Michigan by

7

attempting to offensively touch another person without causing physical pain or injury.  This falls short of "physical force" as defined by *Johnson 2010*.

Because the least offensive conduct that violates Michigan's unarmed robbery statute does not necessarily require the type of violent, "physical force" as defined by *Johnson 2010* - i.e., "force capable of causing physical pain or injury to another person" – Lamb's prior conviction for unarmed robbery does not constitute a "crime of violence" under U.S.S.G. §§ 2K2.1(a)(4)(A) and 4B1.2(a)(1).  *See Johnson 2010*, 559 U.S. at 140.

## III.   CONCLUSION

Michigan's unarmed robbery statute criminalizes conduct that does not meet the threshold of *Johnson 2010's* "violent force" requirement; the statute does not require the use of violent force to sustain a conviction.  Hence, Lamb's earlier conviction cannot be characterized as a "crime of violence" under U.S.S.G § 2K2.1(a)(4)(A) and cannot be used to calculate his base offense level.

The Court calculates Lamb's base offense level as 14.  Lamb receives a two-level reduction for acceptance of responsibility.  His adjusted offense level is 12.  Based on a criminal history category of III, the guideline range is 15-21 months.

**IT IS ORDERED**.

S/Victotria A. Roberts\
Victoria A. Roberts\
United States District Judge

Dated:  February 24, 2017